IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT FOR FLORIDA

| | |
|---|---|
| DIANA L. DAVIS, | CIVIL ACTION |
| *Plaintiff* | No. |
| v. | |
| NORWEGIAN CRUISE LINE, LTD, d/b/a Norwegian Cruise Lines, Inc., NORWEGIAN CRUISE LINE HOLDINGS, LTD., d/b/a Norwegian Cruise Lines, NORWEGIAN CRUISE LINES, INC., d/b/a Norwegian Cruise Lines, ABC INC., XYZ CORP., JOHN DOES 1 THROUGH 10, and JANE DOES 1 THROUGH 10, | COMPLAINT AND AND DEMAND FOR TRIAL BY JURY |
| *Defendants* _____/ | |

## COMPLAINT

Plaintiff, Diana L. Davis sues Defendants, Norwegian Cruise Line, Ltd., d/b/a Norwegian Cruise Lines, a Florida Corporation, Norwegian Cruise Line Holdings Ltd., d/b/a Norwegian Cruise Lines, Norwegian Cruise Lines, Inc., d/b/a Norwegian Cruise Lines, ABC Inc. XYZ Corp., John Does 1 through 10, and Jane Does 1 through 10, and says:

## I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 USC §1331 and 28 USC §1333.

2. This Court also has jurisdiction pursuant to 28 USC §1332 in that, this is an action for damages that exceed $75,000.00 exclusive of interest, costs and attorney's fees between citizens of different states. The Plaintiff is a resident of the State of New Jersey. The Defendant has its principal place of business within the State of Florida.

## II. VENUE

3. Venue of this proceeding is proper in the Southern District of Florida because the ticket contract between the Plaintiff and Defendant contains a venue selection clause selecting the Southern District of Florida as the venue for any action brought against this Defendant.

4. In addition thereto, Defendant, Norwegian Cruise Line, Ltd., maintains its principal place of business in Miami, Dade County, Florida.

## III. PARTIES

5. Plaintiff, Diana L. Davis, is a resident of the State of New Jersey, is over the age of 18 years and is *sui juris* in all other respects.

6. At all times material hereto, Defendants Norwegian Cruise Line, Ltd., d/b/a Norwegian Cruise Lines, a Florida Corporation; Norwegian Cruise Line Holdings Ltd., d/b/a Norwegian Cruise Lines, and Norwegian Cruise Lines, Inc., d/b/a Norwegian Cruise Lines (hereafter referred to collectively as "NCL" unless otherwise specified), were alter egos, affiliates or corporate parents or subsidiaries of each other, and were business corporations or other forms of business entities doing business in Florida, and authorized to conduct such business in and within Florida, particularly in Miami-Dade County.

7. Defendants ABC Inc. XYZ Corp., John Does 1 through 10 and Jane Does 1 through 10 are fictitious parties for those business entities, and individual persons who owned, operated, maintained, managed, controlled, supervised, cleaned, built, designed, and otherwise took responsibility for the cruise ship on which the Plaintiff was a passenger on the subject dates as described below, and who for the Skyy Vodka Ice Bar where the Plaintiff was a patron aboard the said cruise ship as described below. Plaintiff is presently unable to identify these parties but reserves the right to amend this complaint upon the discovery of these additional parties' identities, if any, with all such amendments relating back to the original date of filing hereof.

## IV.  CAUSES OF ACTION

### COUNT ONE

8. Plaintiff adopts and realleges all of the foregoing allegations as if they were reiterated hereunder at length.

9. At all times material hereto, NCL owned and operated a fleet of cruise ships among which was a cruise ship known as "Norwegian Epic," a large 4,100-passenger vessel.

10. On or about March 2, 2019, Plaintiff, Diana L. Davis, having purchased a ticket, began a cruise aboard the Norwegian Epic which departed from Cape Canaveral, Florida , with the purpose and intention of taking a cruise to Bahamas and Cozumel, and returning to Florida on March 7, 2019.

9. On the evening of March 2, 2019, while on board the ship, Plaintiff and her adult daughter entered the Skyy Vodka Ice Bar on the Norwegian Epic ship. Less than one hour later,

Plaintiff and her daughter exited the Ice Bar along a passageway that was somewhat dark but partially illuminated by decorative neon lighting.

10. On the said date, and at the said time and place, as Plaintiff was leaving the Ice Bar on the NCL ship, Plaintiff was seriously injured when she fell on a wet, slick, slippery surface, that was inclined, lacked tread or other slip-resistant strips, and was poorly illuminated.

11. At all times material hereto, Defendants owed Plaintiff a duty to exercise as much reasonable care as was permitted by the circumstances for Plaintiff's safety while Plaintiff was aboard the Norwegian Epic and at all other times during Plaintiff's cruise.

12. Defendants knew, and/or in the exercise of reasonable and ordinary care should have known, that the conditions of the passageway surface outside the Skyy Ice Bar, the poor lighting, the inclined surface, and other attending circumstances, posed an unreasonable risk of harm to passsengers including the Plaintiff herein.

13. The conditions described herein existed for a substantial period of time, and Defendants were on actual and/or constructive notice of said conditions before Plaintiff was caused to encounter the said conditions and suffer her injuries thereon.

14. Defendants breached their duties to the Plaintiff, Diana L. Davis, by negligently and carelessly failing to properly maintain the exit passageways, surfaces and lighting where Plaintiff was walking on the date and time aforesaid; by failing to make the Skyy Ice Bar and the ship safe for the benefit of passengers, including the Plaintiff, and by failing to give proper and timely

warnings to the Plaintiff, all of which constituted a dangerous, hazardous and foreseeable risk to Ms. Davis.

15. At all times material hereto, the surfaces, property, and lighting systems where the Plaintiff became injured were in the sole and exclusive control of the Defendants.

16. As a direct and proximate result of Defendant's negligence, Plaintiff, Diana L. Davis, suffered a complex fractured tibia, a severely injured right ankle, other bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. These losses are either permanent and/or continuing in nature and the Plaintiff will suffer from these losses and impairment in the future.

17. Plaintiff has satisfied all pre-action notice requirements and other conditions precedent to the commencement of this civil action.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, Norwegian Cruise Line, Ltd., d/b/a Norwegian Cruise Lines, a Florida Corporation, Norwegian Cruise Line Holdings Ltd., d/b/a Norwegian Cruise Lines, Norwegian Cruise Lines, Inc., d/b/a Norwegian Cruise Lines, ABC Inc. XYZ Corp., John Does 1 through 10, and Jane Does 1 through 10, individually, jointly and severally, for damages, plus costs of suit, and for such other and further relief as the Court deems just and proper in these premises, and further demands trial by jury of all issues so triable as of right.

## **COUNT TWO**

18. Plaintiff adopts and realleges all of the foregoing allegations contained in paragraphs 1 through 7, and in paragraph 9, 10 and 17 as if they were reiterated hereunder at length.

19. When Plaintiff purchased a ticket, an obligation was created on the part of the Defendants to transport Plaintiff safely and return her safely to the port of embarkation.

20. As a result of the breach of contract by the Defendants, as stated above, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, Norwegian Cruise Line, Ltd., d/b/a Norwegian Cruise Lines, a Florida Corporation, Norwegian Cruise Line Holdings Ltd., d/b/a Norwegian Cruise Lines, Norwegian Cruise Lines, Inc., d/b/a Norwegian Cruise Lines, ABC Inc. XYZ Corp., John Does 1 through 10, and Jane Does 1 through 10, individually, jointly and severally, for damages, plus costs of suit, and for such other and further relief as the Court deems just and proper in these premises, and further demands trial by jury of all issues so triable as of right.

## **DEMAND FOR TRIAL BY TRIAL**

The Plaintiff hereby demands a Trial by Jury of any issue triable of right by a jury.

DATED:  March 2, 2020

                                    **MARK S. GURALNICK**
*A Professional Corporation*
433 Plaza Real, Suite 275
Boca Raton, FL 33432
(561) 948-3600
(954) 545-9898
Fax: 1-800-613-2585

923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 983-9900
Fax: 1-800-613-2585
msg@guralnicklegal.com
mguralnick@guralnicklegal.com


By:  /s/  *Mark S. Guralnick*            .
       **Mark S. Guralnick, Esq., B.C.S.**
       Florida Bar No. 516082
       *Attorney for the Plaintiff*